55 CCPA

**Application of Helmuth William CARLSEN.**

**Patent Appeal No. 7817.**

United States Court of Customs and Patent Appeals.

Nov. 9, 1967.

Wenderoth, Lind & Ponack, Washington, D. C. (John E. Lind, Washington, D. C., of counsel) for appellant.

Joseph Schimmel, Washington, D. C. (Jere Sears, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection on prior art of claims 1, 6 and 7 in appellant's application serial No. 252,859, filed January 21, 1963, entitled "Apparatus for Unloading Pulverulent Bulk Cargo from Ships." Four claims are allowed.

Appellant's invention is stated to be based on "the well-known fact that powder, e. g. cement, can be caused to flow as a liquid and be conveyed through pipelines if it is aerated, that is air is blown into the powder so that the particles become suspended in the air." The main

_____

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

object of the invention is to provide apparatus for pneumatic unloading of pulverulent bulk cargo from ships. Pressure and vacuum are used for producing an air suspension of the powder in the cargo compartment of the ship, sucking up the suspension from the compartment to a separator in which the powder and air are separated, again suspending the powder in air, and then blowing the suspension from the separator to a receiving station on shore.

The apparatus includes an aerator in the bottom of the ship cargo compartment, a separator tank, a pump acting as a pressure pump, a pump acting as a suction pump, and various conduits and valves. Pressure applied to the aerator acts to suspend in air the powdered material in the cargo compartment and the suspension is drawn through a suction conduit to the separator tank. The tank has an inlet for the suspension and an outlet for air. A diffusor in the separator tank reduces the flow velocity of the suspension so that the suspended material falls out of the air stream into the tank. When the tank becomes filled with the material, the mechanism for filling it is inactivated.

In the lower part of the separator tank is an aerator with a pressure conduit connected thereto. Compressed air applied to the aerator through the conduit results in the material in the tank being placed in suspension. When the tank is put under pressure above atmospheric, the suspension is blown out through a pressure conduit and passed to the delivery or receiving point. Control of the operation is effected through valves in the conduits interconnecting the pumps with the aerators, cargo compartment, and separator tank.

In a modified form, two separator tanks are provided along with valving that permits filling one tank from the cargo compartment while material from the other tank is being conveyed to the receiving point.

Claim 1 is representative:

1. An apparatus for delivering pulverulent material from transportation means having an open cargo compartment, comprising in combination a first aerator in the bottom portion of said compartment for aerating the material therein, a separator tank, a vacuum source and valve controlled suction conduits for drawing aerated material from said compartment into said tank by drawing air out of said tank, separator means associated with said tank for separating the drawn in material and air and collecting the material in said tank, a second aerator in the bottom portion of said tank for aerating the material collected therein, a pressure source and valve controlled pressure conduits for supplying said aerators and said tank with aid under pressure, and a valve controlled discharge conduit connected with said tank.

Claim 6 is similar to claim 1 with the separating means for the "drawn in material" and air defined as including a "diffusor." Claim 7 calls for two separate tanks.

The references relied on are:

| | | |
|---|---|---|
| Goebels | 1,935,843 | Nov. 21, 1933 |
| Randall | 2,758,564 | Aug. 14, 1956 |
| Hermanns (Australia) | 212,893 | Feb. 6, 1958 |

---

Hermanns, the principal reference, discloses reloading apparatus for pulverulent materials. It includes a reloading container from the upper end of which extends a valved suction hose for transfer of material from a location such as the hold of the ship to the container. From the lower end of the container there extends a valved compressed air pipe for discharging material from the container. An air pump is provided with its suction side selectively connectable

through a valved pipe to the upper end of the container or to atmosphere. The pressure side of the pump is selectively connectable by a valved pipe either to an annular pipe disposed about the bottom of the container to feed a plurality of spaced hoses communicating with the container or to the atmosphere.

The free end or mouthpiece of the suction hose which extends from the top of Hermanns' container dips into the material to be unloaded and has inserted therein, concentrically with the hose, a thin pipe whose free end is bent over so as to project out of the material into the air. In loading the container, suction from the pump is applied to the container with the valve in the suction hose open so that the stored material is sucked through the mouthpiece and at the same time air is aspirated through the thin pipe therein to entrain the material. The material falls from the hose into the bottom of the container while the air aspirated through the hose passes through the suction pipe from the pump. When the container is filled with material, the valve in the suction hose is closed, suction from the pump is disconnected from the container, the valve in the discharge pipe is opened, and the compressed air side of the pump is placed in communication with the annular pipe and hoses connected thereto. The pump then forces air through the hoses into the container so that the material in the container is loosened up and forced through the discharge pipe to the receiving station.

Randall relates to apparatus for coating webs or strands with dry dust. The coating material is placed in a hopper and is fluidized by air passed up through an "air distributing screen or aerating disk" located at the bottom of the hopper. The material is then entrained through a Venturi mixer having its inlet "directed to face toward the aerating disk" and is passed out of the hopper to a deposition chamber.

Goebels discloses apparatus for conveying pulverulent material which includes two transfer containers. The containers are arranged in parallel and means are provided for successively filling them and alternatively placing them in communication with a discharge pipe so that one container is being filled while the other is discharging.

The sole issue is whether the claimed subject matter is obvious over the prior art under 35 U.S.C. § 103. Claims 1 and 6 stand rejected as unpatentable over Hermanns in view of Randall, with claim 7 rejected on the same references further considered with Goebels.

The examiner regarded Hermanns as meeting all of the limitations of claim 1 "except for the aerating means in the bottom of the cargo compartment" and considered it obvious from Randall to use a fluidizing means in the bottom of that compartment. He further considered the "diffusor" for the separator tank recited in claim 6 to be conventional separator structure. He held the use of two separators to be obvious from Goebels.

Appellant states that "the important thing to be decided" is whether it is obvious in view of Randall to use a fluidizing means in the bottom of Hermanns' cargo compartment. We are convinced that such modification is obvious and that the rejection of the claims is proper.

Appellant refers to "essential differences" which he contends make it "extremely improbable that anyone dealing with large-scale powder transportation should search for and find anything in Randall that could be used to supplement and improve Hermanns' apparatus." Although the ultimate purpose of Randall is not the mere transportation of materials, he does move powdered material from a storage compartment to a chamber from which it is deposited on a member to be coated. As noted by the board, the pick-up function of Hermanns' suction hose is assisted by air introduced through the thin pipe extending from the mouth of the hose. The board also held, and we think correctly, that such fluidizing action is so analogous to the fluidizing and load introducing action

depicted in Fig. 2 of Randall as to make it obvious to provide Hermanns with a bottom connection and pressure fluidizing means of the type shown in the secondary reference.

The board considered the diffusor recited in claim 6 to be defined in language which embraces the structure present where a pipe such as the suction conduit of Hermanns delivers material to the container. We think the fact that Hermanns states that material sucked into the container falls to its bottom while the air enters the suction pipe to the pump demonstrates that the construction includes means amounting to a "diffusor" meeting the broad language of the claim. Appellant sets forth no significant argument to the contrary.

As to the use of a pair of separator tanks required by claim 7, such feature is unquestionably made obvious by Goebels.

The decision is *affirmed*.

*Affirmed.*